## COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed October 24, 1908.

---

### MICAJAH POPE ET AL.
VS.
### WILLIAM WHITRIDGE ET AL.

---

*Isaac Lobe Straus* and *William L. Rawls* for petitioners.

*John P. Poe* and *Armstrong Thomas* for defendants.

DOBLER, J.—

After full consideration of the testimony in this case and of the arguments of counsel, I have concluded that the Act of 1908, Chapter 77, did not confer upon those persons who had hitherto contributed annually to the Society less than five dollars ($5.00) the right to vote at the meeting held April 10th, 1908, nor the right to become voting members by paying the sum of five dollars ($5.00) without election by the Board of Directors, neither did said Act deprive those who had been duly elected by the Board of Directors prior to March 7th, 1908, of the privilege of voting, provided their dues were paid on or before April 10th, nor did it deprive members who had not resigned nor discontinued their connection with the Society, but who may have been in arrears, from voting, upon payment of their dues up to and including those for 1907.

I am also of opinion that the tender by Miss Braithwaite was sufficient so far as the several sums mentioned by her could avail the persons in whose names they were tendered, and that the withdrawal from the Clerk of Circuit Court No. 2, of the money originally brought into court deprived the persons for whom it was so tendered of all benefit of any tender; and that the money paid to the treasurer of the Society at the Merchants Bank must be considered as a valid payment on account of those for whom it is now claimed.

The agreement by which the appointment of the officers conducting the meeting and election were selected did not amount to a compact between the contesting parties to abide by all the decisions of the judges. There can be no impeachment of the integrity of any of them, neither of the loyalty of the judges named by the respective parties, nor of the absolute impartiality of the third judge.

In matters touching the status of the members or the legal sufficiency of the proxies the court may properly review the decisions of the judges.

Where the judges have exercised their best judgment with the papers and the best information then available, and decided which of two or more proxies should be received or that all should be rejected, I am not disposed to disturb their rulings or actions.